lands and tenements sold be redeemed by a certain day, they will be conveyed to the purchaser. Section 66 of the same act, providing for the publication of the official journal known as the City Record, requires that all public advertising shall be done in that paper, except that an advertisement required by law may be published elsewhere if such publication is authorized by the concurrent vote of the mayor, corporation counsel, and commissioner of public works. Under this section the advertisement by the clerk of arrears should have been inserted either in the City Record or in a newspaper specially authorized. The complaint does not show that it was published in either way. It merely alleges that it was published in a daily newspaper printed and published in the city of New York. It should allege either that it was published in the City Record or in a specially authorized newspaper.

Other alleged defects in the allegations respecting the proceedings are insisted upon, which it is not necessary to consider now. Some of them, if defects at all, can be more appropriately reached by a motion for a bill of particulars than by a demurrer. Since, however, the demurrer must be sustained for the reason already noted, the plaintiff will be able by an amended complaint to meet, if the facts permit, the other reasonable objections to his present pleading. Demurrer sustained, with costs, with leave to plaintiff to amend within 20 days on payment of costs.

Demurrer sustained, with costs, with leave to plaintiff to amend within 20 days on payment of costs.

---

(39 Misc. Rep. 672.)

NEW JERSEY CONST. CO. v. FARMERS' LOAN & TRUST CO. et al.

(Supreme Court, Special Term, New York County. January, 1903.)

1. TRUSTEE—NEGLIGENCE—NOTICE OF FOREIGN STATUTES.

A domestic trust company was created a depositary of the stock of four railroads about to be consolidated, and was charged with the duty of issuing new stock to the original stockholders. *Held* not chargeable with knowledge of the law of a sister state providing that no sale or transfer of the stock of a railroad corporation should affect the rights of attaching creditors, unless recorded on the books of the corporation, or unless a new certificate was issued.

2. SAME.

Where a domestic trust company is made depositary of the stock of four railroads about to be consolidated, and under the law of a foreign state a creditor of a depositor of stock is enabled to attach and sell it because the trust company has not had it transferred to itself, as required by the laws of such foreign state, to protect it against attachment, no negligence is imputable to the trust company.

Action by the New Jersey Construction Company against the Farmers' Loan & Trust Company and others. Motion to confirm report of referee granted.

Isaac N. Miller, for claimant.
David McClure, for defendants.

SCOTT, J.   If the question was presented as an original proposition, I should entertain much doubt whether the exceptant could properly raise the question of the alleged negligence of the defendant trust company in this proceeding.   That question was, however, raised by the exceptions filed to the trust company's final report of distribution, and the order of reference made thereon amounted to a recognition by those assenting to it (which included the defendant trust company) of the exceptant's right to raise the question.   That question I therefore consider as settled.   I do not find, however, that the defendant trust company was guilty of negligence.   It is sought to be imputed to them, as negligence, that they omitted to have transferred to themselves, upon the books of the New York & New England Railway Company, certain shares of stock deposited with them under a trust agreement.   The agreement under which the stock was deposited contemplated that the stockholders of four railroads should deposit their stock with the Farmers' Loan & Trust Company, which was to act as trustee in the consolidation of the four roads, and to issue new stock to the holders of the original stock; issuing in the meantime its own certificates, representing the stock so deposited.   This scheme was never fully carried out, and the present action was brought for a determination of the trust, and to fix the rights of the parties to the property held in trust.   The judgment directed the trust company, among other things, to sell certain of the stocks, including 235 shares of New York & New England stock originally belonging to one Edward Crane.   When the trust company, pursuant to the direction of the judgment, undertook to sell these shares, it learned for the first time that, although it had held the certificates of stock, certain creditors of Edward Crane had attached and sold the stock in Massachusetts.   This was done under a statute of the state of Massachusetts providing that no sale, assignment, or transfer of the stock of a railroad corporation shall affect the title or rights of an attaching creditor until it is recorded on the books of the corporation, or a new certificate is issued to the person to whom it has been transferred.   If the defendant trust company had caused Crane's transfer to itself to be recorded, or had taken out new certificates in its own name, Crane's creditors could not have attached and sold his shares; and it is because it did not do this that the trust company is now charged with negligence.   The trust agreement did not, in terms, require the trust company to have the deposited stock transferred to its own name, and though, under certain circumstances, the fulfillment of the trust might have required this to be done—as, for instance, if there had been dividends to collect or officers to elect.   It does not appear that there ever were any dividends to be collected, or that the trust company ever received a controlling amount of the stock.   Under the common law, and under the laws of this state, it was quite unnecessary to have new certificates issued to protect the stock against attachment and sale by a creditor of one who had assigned it to the trust company.   The trust company did not, in fact, know of the existence of the Massachusetts statute, and cannot be convicted of negligence in failing to guard against it,

unless it was bound to know and take cognizance of the law of Massachusetts. In the absence of any actual knowledge on the part of the trust company of the peculiar provision of the Massachusetts statute, it was entitled to presume that the law of that state was the same as the law of this state—especially as the contract under which the stock was deposited was a New York contract, to be performed in the state of New York. The mere fact that the railroad company was a Massachusetts corporation did not impose upon the trustee the duty of inquiring whether or not the Massachusetts law was the same as our own. Leslie v. Baillie, 2 Younge & Collyer, Ch. 91. The exceptions to the referee's report must be overruled, and the motion to set aside the report be denied, and the motion to confirm the report granted, with $10 costs.

Motion granted, with $10 costs.